UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

CASE NO.: 3:18-cv-01498

IN THE MATTER OF:
AFFORDABLE BOATING OF NORTH
FLORIDA, LLC, as a owner of the motor
vesses *Off the Hook, IV*, a 2018 23' Key West
vessel bearing Hull Identification No.
KWEEF148G718 and Florida Registration
FL0782RL, its Engines, Tackle,
Appurtenances, Equipment, Ext., and its
captains in a cause of Exoneration from or
Limitation of Liability

Petitioner.

## CLAIMANT STEVEN WILLIAMS
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY AND CLAIMS AGAIST PETITIONERS

COMES NOW, Claimant/Plaintiff, **Steven Williams,** by and through undersigned

counsel, pursuant Supplement Rule F(5) of the Federal Rules of Civil Procedure and sets forth

her Answer and Affirmative Defenses and Claims in response to Petitioners, **AFFORDABLE**

**BOATING OF NORTH FLORIDA, LLC,** (hereinafter "**AFFORDABLE BOATING**")

Complaint for Exoneration from or Limitation of Liability [D.E.1] as follows:

### Answer to Limitation Petition

1.  Admitted

2.  Admitted

3.  Admitted

4.  Admitted

5.  Admitted

6.    Admitted

7.    Denied

8.    Admitted

9.    Admitted

10.   Denied

11.   Denied

12.   Denied

13.   Denied

14.   Admitted that Petitioner claims benefits of limitation, however, it is denied that
      Petitioner is entitled to benefits under this limitation action.

15.   Without knowledge therefore denied.

16.   Admitted

17.   Admitted, that Petitioner filed documents contemporaneously, it is denied that the
      documents are valid.


## AFFIRMATIVE DEFENSES

1.  The Complaint for Exoneration From or Limitation of Liability fails to state a claim upon
    which relief may be granted.

2.  Petitioner(s) are not entitled to exoneration from, or limitation of, liability in these
    proceedings because Petitioner(s) negligently entrusted the vessel to Allen Willams, who
    negligently operated the boat on the date and at the time of this accident.  Therefore, as
    an owner who negligently entrusted the boat with privity and knowledge to another in

connection with the injuries in this case, they cannot avail themselves of the Limitation of Liability Act.

3. Petitioner(s) are not entitled to exoneration or limitation of liability because at all times material, Petitioner(s) knew that the Captain of the vessel was not properly trained, instructed nor supervised while operating the vessel on the date and at the time of this incident and that they cannot avail themselves of the Limitation of Liability Act because the negligent conduct occurred with their privity and knowledge.

4. Petitioner(s) are not entitled to exoneration or limitation of liability because at all times material, the master was with privity or knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of the vessel(s) which may have caused or contributed to the Claimant's injuries. Furthermore, at all time material, the master was with privity or knowledge that the vessel was being operated in a negligent and/or grossly negligent manner.

5. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. sec. 1333, and all state law remedies, Respondent in filing this Answer and Claim, reserves all rights to pursue all available claims in the forum of their choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim in no way constitutes a waiver of the rights and defenses, and Respondent does not, through this filing, agree to join all issues in this proceeding.

6. Petitioner(s) failed to file the Complaint within six (6) months of first written notice of claim. Therefore, subject matter jurisdiction is lacking for this limitation action.

7. The limitation fund is inadequate and the Complaint should be dismissed because the Petitioner(s) have failed to deposit adequate security equal to the value of the boat. Therefore, the limitation fund is inadequate.

8. Respondent avers that all insurance amounts providing coverage for Petitioner, for the events and occurrences of the incident at issue, must be included in the limitation fund in the event that the Petitioner(s) prevail in this limitation of liability proceeding, which Respondent denies is appropriate for all the reasons stated herein.

9. The Limitation of Liability Act, 46 U.S.C. §30501, et. seq., is unconstitutional and discriminatory in that it favors vessel owners over claimants and deprives claimants of property rights without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

10. Petitioner is not "vessel owner" entitled to seek exoneration from or limitation of liability under 46 U.S.C. Sec. 30501 et seq.

11. Petitioner is not entitled to exoneration or limitation of liability because the *accident happened*-and the losses, damages or injuries resulting therefrom were done, occasioned and incurred-with the privity of knowledge of Petitioner and/or his agents and/or employees and/or servants and/or apparent agents.  At all times, material, Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection.

12. Petitioner is not entitled to exoneration or limitation of liability because the *failure to properly use vessel equipment*, and any and all resulting loss, damage and/or injury was done or occasioned and incurred with the privity of knowledge of Petitioner and/or his agents and/or employees and/or servants and/or apparent agents.  At all times material,

Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection.

13. Petitioner is not entitled to exoneration or limitation of liability because Petitioner and/or his agents and/or employees and/or servants and/or apparent agents, are now and/or were at the time of the incident, with privity or knowledge of *any and all negligent conditions and/or defects of the vessel(s)* which may have caused or contributed to Respondents injuries.     At all times material, Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection.

14. Petitioner is not entitled to exoneration or limitation of liability because *Petitioners negligence* and/or the negligence of its employees and/or agents, was the proximate cause of the Respondents' injuries.

15. Petitioner is not entitled to exoneration or limitation of liability because the accident and any and all damages, injuries and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence, or want of due care by Petitioner and/or his agents and/or employees and/or servants and/or apparent agents.

16. Petitioner is not entitled to exoneration of limitation of liability because Petitioner and/or his agents were negligent and/or grossly negligent causing Respondents damages.

17. Petitioner is not entitled to exoneration or limitation of liability because the vessel was unsafe and unfit, causing the incident in question.

18. Petitioner is not entitled to exoneration or limitation of liability because the vessel is an inherently defective and ultra-hazardous vessel, causing the incident in question.

19. Petitioner is not entitled to exoneration or limitation of liability because the incident occurred as a result of human error, his own.

20. Petitioner is not entitled to exoneration or limitation of liability because Petitioner(s) failed to comply with applicable navigation rules and regulations such that Petitioner is responsible in whole or in part for the subject incident.

21. Petitioner is jointly and severally liable for the negligent acts of third parties who are not entitled to exoneration and/or limitation of liability. In particular, the negligent acts of

22. Petitioner is not entitled to exoneration or limitation of liability because they failed to exercise a high degree of control and supervision so as to avoid the incident in question.

23. The Limitation of Liability Act does not apply to this case because, at all relevant times, the subject vessel was operated in a willful, wanton and reckless manner, or, alternatively, the conduct and actions resulting in the Respondents' injuries took place with the privity and knowledge of Petitioner(s).

24. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners as a result of the fault or alleged fault of said third party.

25. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include the value of the mineral and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by Petitioner(s).

26. The Limitation of Liability Act does not apply to this case, because, at all relevant times, Petitioner(s) knew or should have known the subject vessel to be unseaworthy.

27. Respondent reserves the right to contest the appraisal value of the vessel, its appurtenances, and the adequacy of the security therefor.

28. The Limitation of Liability Act is unavailable to Petitioner(s) insurer(s).

29. Petitioner is not entitled to exoneration from or limitation of liability, and the complaint should therefore be denied, because the events culminating in the injuries of the Respondent were the result of the negligence or fault of the Petitioner, the negligence or fault of those for whom the Petitioner(s) is responsible, the unseaworthiness of the vessel, all of which was with the privity and knowledge of the Petitioner(s).

30. Petitioner is not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because Petitioners' violation of the applicable navigational rules constituted negligence *per se*.

31. Petitioner is not entitled to exoneration from or limitation of liability and the Complaint should therefore be denied, because Petitioners' violation of the applicable navigational rules invokes "The Pennsylvania Rule" presumption wherein Petitioner(s) must prove that their violation of the applicable navigational rules neither caused nor contributed to the collision in order to prevail. See, The Pennsylvania, 86 U.S. 148 (1873).

32. Petitioner failed to comply with all notice requirements found in the Supplemental Admiralty Rule F, Local Admiralty Rule 7.06 (Middle Dist.) and Court Orders therefore, the complaint in limitation must be dismissed for failure to comply with the Rules of Court and Court Orders.

33. The affidavit of Value, the Ad Interim Stipulation for Value and/or Letter of Undertaking file by Petitioner(s) does not accurately represent the true post casualty value of the subject vessel.

34. To the extent the Petitioner, now or in the future, asserts a third party action or otherwise seeks indemnity or contribution from any person or entity, that the Petitioner(s) cause of action and any ultimate recovery inures to the benefit of the Respondent and is to be added to the Limitation Fund.

35. Petitioner is not entitled to exoneration from or limitation of liability for liability arising from Petitioner's negligent entrustment of the 2018 23' Key West named *Off the Hook* to its operators because privity or knowledge is an element of the tort of negligent entrustment. See. *Joyce v. Joyce*, 975 F.2d 379,383 (7th Cir. 1992).

36. Petitioner is not entitled to exoneration from or limitation of liability because its liability arising out of a boat rental contract is not subject to limitation of liability pursuant to the "personal contract doctrine." Specifically, contracts entered into by a vessel owner "personally," are beyond the reach of the Limitation Act. See. 3 Benedict on Admiralty, at Sec.33; *Cullen Fuel Co. v. W.E. Hedger, Inc.*, 290 U.S. 82 (1933); *Capitol Transp. Co. v. Cambria Steel Co.*, 249 U.S. 334 (1919); *Luckenbach v. W.J. McCahan Sugar Refining Co.*, 248 U.S. 139 (1918); *Pendleton v. Benner Line*, 246 U.S. 353 (1918).

37. Petitioner is not entitled to exoneration from or limitation of liability because on June 24, 2018, the Vessel was on a local voyage which is not subject to limitation of liability pursuant to the "in sight of home port doctrine." See, e.g., In re J.R. Nicholls, LLC, No. H-10-449, 2012 WL 1802588, at *5, 2012 A.M.C. 1770 (S.D.Tex. May 17, 2012). See also, Haney v. Miller's Launch, Inc., 773 F.Supp.2d 280,289-90 (E.D.N.Y. 2010).

**WHEREFORE,** the Respondent, **STEVE WILLIAMS** respectfully requests this Court enter an Order denying Petitioner, **AFFORDABLE BOATING'S** Petition for Exoneration From

or Limitation of Liability and award to Respondent any and all damages, allowed by law or equity that this Court deems reasonable, including any and all attorneys' fees and costs associated with this action.

## CLAIM OF STEVEN WILLAIMS
## AGAINST AFFORABLE BOATING and ALLEN WILLIAMS

Comes now, specifically reserving all defenses asserted herein, Claimant/Plaintiff,

**STEVEN WILLIAMS,** respectfully alleges and makes his claim against Petitioners/Defendants,

**AFFORABLE BOATING and ALLEN WILLIAMS** as follows:

1.      This is an action for negligence which occurred on navigable waters in and around Key West, Monroe County, Florida.

2.      **DATE OF ACCIDENT:      June 24, 2018**

3.      **PLACE OF INCIDENT:    In and around Salt Run Channel in the Matanzas River near St. Augustine, Florida.**

4.      **VESSEL(s): 2018 23' Key West, hull identification KWEEF148G718 named "*Off the Hook IV*"**

5.      **FACTS OF INCIDENT:    Steven Williams was being towed on a tube behind the vessel *Off the Hook IV*. The operator of the vessel was Allen Williams. While being towed on the tube Steven Williams struck a channel marker and sustained severe injuries.**

6.      The causes of action asserted in this Claim arise under the General Maritime Law of the United States and Florida law where applicable.

7.      At all times material hereto, the vessel was in navigable waterways.

8.      At all times material hereto the 2018 23' Key West, hull identification KWEEF148G718 named *"Off the Hook IV"* was owned, operated, managed, maintained and/or controlled by Petitioner/Defendant, AFFORABLE BOATING.

9.      At all times material hereto, Defendant, **ALLEN WILLIAMS**, rented and/or leased the 2018 23' Key West, hull identification KWEEF148G718 named *"Off the Hook IV"* from the Petitioner/Defendant, **AFFORDABLE BOATING**.

10.     At all times Defendant, **ALLEN WILLIAMS** was under Petitioner/Defendant, **AFFORDABLE BOATING's** direction and control such that they were in privity and knowledge of Defendant, **ALLEN WILLIAMS** negligence. Furthermore, the Petitioner/Defendant, **AFFORDABLE BOATING** was directly negligent by negligently entrusting the vessel to Defendant, **ALLEN WILLIAMS** as further set forth herein.

11.     Pursuant to Federal Rule of Civil Procedure 13, this claim arises out of the same transaction and occurrence as does the Petitioner's Complaint for Exoneration from or Limitation of Liability and is also a compulsory counterclaim to said Complaint.

## COUNT I

## <u>NEGLIGENCE CLAIM AGAINST</u>
## <u>AFFORADABLE BOATING</u>

Claimant/Plaintiff, STEVEN WILLIAMS, re-adopts and re-alleges and incorporates by reference paragraphs 1 through 11 as if originally alleged herein and further alleges:

12. At all material times it was the duty of Petitioner/Defendant **AFFORDABLE BOATING,** to provide Claimant/Plaintiff, STEVEN WILLIAMS, with reasonable care under the circumstances.

13. At all material times, the Petitioner/Defendant, was a privately held, Florida limited Liability Company in Saint Augustine, FL, in the business of renting vessels with motors of 10 horsepower or greater, to the public, in around Saint Augustine, Florida.

14. At all material times, the Petitioner/Defendant owned and controlled the vessel at issue.

15. At all material times, Petitioner rented, leased, or chartered vessels to others for consideration.

16. At all material times, Petitioner rented, leased, or chartered vessels to the public, pursuant to Florida Statute Sec. 327.54 (Liveries statute).

17. On or about June 24, 2018, Petitioner rented and/or leased and/or chartered the Vessel to Defendant, **ALLEN WILLIAMS**.

18. At all material times, Petitioner failed to comply with Florida Statute Sec. 327.54 in renting and/or leasing and/or chartering the Vessel to Claimants in one or more of the following ways:

    a. Failed to provide proper training to Allen Williams and/or the passengers of the Vessel including Steven Williams;

    b. Negligently entrusted the Vessel to Allen Williams;

    c. Failed to train is agent, servants and/or employees in connection with renting and/or leasing and or chartering the Vessel to Allen Williams;

     d.    Allowed Allen Williams to rent and/or lease and/or charter the Vessel when they knew or should have known that Allen Williams was consuming alcohol and/or was impaired;

19.    On June 24, 2018, Defendant, ALLEN WILLIAMS, rented the Vessel for a local voyage to go boating and tubing.

20.    On or about June 24, 2018, Claimant/Plaintiff, STEVEN WILLIAMS, was being pulled on a tube by the Vessel that was operated by Defendant, ALLEN WILLIAMS.   On that day, while tubing, Claimant/Plaintiff, **STEVEN WILLIAMS**, struck a channel marker and suffered injuries and damages due to the fault and/or negligence of Petitioners/Defendants, **AFFORDABLE BOATING** and Defendant, **ALLEN WILLIAMS**, by one or more of the following:

     a.    Failure to ensure that Defendant, ALLEN WILLIAMS properly navigated the vessel;

     b.    Failure to ensure that Defendant, ALLEN WILLIAMS, was not consuming and/or under the influence of alcoholic beverages or other intoxicating substances while operating the vessel.

     c.    Failure to ensure that Defendant, ALLEN WILLIAMS keep a proper look out;

     d.    Failure to have standard company procedures for maintaining a safe speed;

     e.    Failure to have company procedures for ensuring that Defendant, ALLEN WILLIAMS operated the vessel in a safe manner;

      f.      Failure to provide adequate pre-rental or pre-ride instructions to the operator of the Vessel;

      g.     Failed to provide a seaworthy Vessel;

21.     At all times material hereto, Petitioner/Defendant, **AFFORDABLE BOATING,** breached their aforementioned duties, when they failed to eliminate the foreseeable hazards of this activity as outlined above.

22.     At all times material hereto, Petitioner/Defendant, **AFFORDABLE BOATING** breached their duty of care to Claimant/Plaintiff, **STEVEN WILLIAMS**, by negligently entrusting the vessel to Defendant, **ALLEN WILLIAMS**.

23.     As a proximate result of the negligence of Petitioner/Defendant, **AFFORADABLE BOATING** the Claimant/Plaintiff, **STEVEN WILLIAMS,** was seriously injured and suffered injury and damages.

24.     Due to the negligence of the Petitioners/Defendants, **AFFORDABLE BOATING** the Claimant/Plaintiff was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, medical expenses of hospitalizations, medical and nursing care and treatment lost wages, and/or an aggravation of a previously existing condition, and his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE,** Claimant/Plaintiff, **STEVEN WILLIAMS,** demands judgment against Petitioners/Defendants, **AFFORDABLE BOATING,** for all compensatory damages awardable

under the law including, attorney's fees, costs, and pre-and post judgement interest, and demands a trial by jury of all issues so triable.

## Count II- NEGLIGENCE CLAIM AGAINST ALLEN WILLIAMS

Claimant/Plaintiff, **STEVEN WILLIAMS**, re-adopts and re-alleges and incorporates by reference paragraphs 1 through 11 as if originally alleged herein and further alleges:

25. At all material times it was the duty of Defendant, **ALLEN WILLIAMS**, to provide Claimant/Plaintiff, **STEVEN WILLIAMS**, with reasonable care under the circumstances.

26. At all material times, the Defendant, **ALLEN WILLIAMS,** was operating the Vessel while and was pulling/towing Claimant/Plaintiff, STEVEN WILLIAMS, on a tube.

27. While being pulled/towed on the tube, Claimant/Plaintiff, **STEVEN WILLIAMS**, suffered injuries and damages due to the fault and/or negligence of Defendant, **ALLEN WILLIAMS** by one or more of the following:

      a.  Failure to properly navigate the vessel;

      b.  Failure to keep a lookout;

      c.  Failure to maintain a safe speed;

      d.  Failure to slow the vessel speed based on the conditions;

      e.  Failure to use vessel instrumentation, observe vessel instrumentation, and/or failed to keep vessel instrumentation operational;

      f.  Failure to appropriately maneuver the vessel;

      g.  Failure avoid causing Plaintiff to collide with a channel marker;

      h.  Failure to warn passenger and in particular Steven Williams of the dangers of being injured while being pulled/towed on the tube;

28. At all times material hereto, Defendant, **ALLEN WILLIAMS**, breached his aforementioned duties, when he failed to use reasonable care in the operation of the vessel.

29. As a proximate result of the negligence of Defendant, **ALLEN WILLIAMS**, the Claimant/Plaintiff, **STEVEN WILLIAMS,** was seriously injured and suffered injuries and damages.

30. Due to the negligence of the Defendant, **ALLEN WILLIAMS,** the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, medical expenses of hospitalizations, medical and nursing care and treatment lost wages, and/or an aggravation of a previously existing condition, and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE,** Claimant/Plaintiff, **STEVEN WILLIAMS,** demands judgment against Defendant, **ALLEN WILLIAMS**, for all compensatory damages awardable under the law including, attorney's fees, costs, and pre-and post-judgment interest, and demands a trial by jury of all issues so triable.

## COUNT III-NEGLIGENCE *PER SE* UNDER FLA. STATE. 327.54, THE *PENNSYLVANIA* RULE AND THE *OREGON* DOCTRINE.

31. Paragraphs 1-30 are re-alleged and incorporated herein.

32. On or about June 24, 2018, Petitioner rented and/or leased and/or chartered the Vessel Defendant, ALLEN WILLIAMS.

33. At all material times, Petitioner's conduct of renting, leasing or chartering the vessel to another was regulated by Florida Statute 327.54 (hereinafter "the livery Statute").

34. On or about June 24, 2018, Petitioner failed to comply with the Livery Statute in renting and/or leasing and/or chartering the Vessel to Defendant, ALLEN WILLIAMS in one or more of the following ways:

   a. Failed to provide training

   b. Failed to ensure that its agents, servants, and/or employees had successfully completed a boater safety course approved by the National Association of State Boating Law Administrators and the State of Florida.

   c. Provided a Vessel that was not seaworthy;

   d. Allowed a person to rent and/or lease and/or charter the Vessel when they knew or should have known the person was consuming alcohol or other intoxicating substances.

35. On or about June 24, 2018, Defendant, ALLEN WILLIAMS, an incompetent operator negligently operated the Vessel so that he cause the Claimant/Plaintiff to crash into a channel marker while tubing.

36. As a result of the crash, Claimant/Plaintiff was severely injured.

37. The Livery Statute places restrictions on leasing, hiring and renting vessel and dictate certain topics of instruction which must be covered by Petitioner.

38. Petitioner violated its statutory duty under the Livery Statute by not providing pre-rental or pre-ride instructions to operators or passengers, including but not limited to:

   a. Operational characteristics of the Vessel to be rented;

   b. Safe Vessel operation;

c. The responsibility of the Vessel operator for the safe and proper operation of the Vessel;

d. Local characteristics of the waterway where the Vessel will be operated.

39. Violation of its statutory duty makes Petitioner and Defendant, ALLEN WILLIAMS, presumptively negligent and liable under the doctrine of *The Pennsylvania*, 86 U.S. 125 (1873).

40. Furthermore, the allusion of the Vessel/tube with the stationary channel marker invokes the application of the *Oregon* Doctrine, 158 U.S. 186 (1895).

41. As a direct and proximate result of the Petitioner and the Defendant **ALLEN WILLIAMS** negligence *per se*, Claimant/Plaintiff, **STEVEN WILLIAMS** sustained serious and permanent injuries to his body, pain and suffering, disability, disfigurement, mental anguish, loss of enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money which he will continue to suffer into the future.

**WHEREFORE,** Claimant/Plaintiff, **STEVEN WILLIAMS,** demands judgment against Petitioner, **AFFORDABLE BOATING** and Defendant, **ALLEN WILLIAMS**, for all compensatory damages awardable under the law including, attorney's fees, costs, and pre-and post judgment interest, and demands a trial by jury of all issues so triable.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this 19 day of ~~January~~ February, 2019 to: Hamilton, Miller & Birthisel, LLP, 150 Southeast Second Avenue, Suite 1200, Miami, Florida. David N. Gambach, Esquire. Evan S. Gutwein, Esquire. DGambach@HamiltonMillerLaw.com; EGutwein@HamiltonMillerLaw.com; EPerez@HamiltonMillerLaw.com.

Adam Brum, Esquire
Morgan & Morgan, Tampa, P.A.
5544 Central Avenue
St. Petersburg, FL 33707
Tele: (727) 318-6344
Fax: (727) 318-6374
abrum@forthepeople.com
cmarckese@forthepeople.com
Florida Bar #: 999512
Attorney for Claimant/Plaintiff